IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JESUS F. ESCARZAGA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-25-CV-00291-DB** |
| | § | |
| **AKUMIN IMAGING TEXAS, LLC** d/b/a | § | |
| **AKUMIN** and **ALLIANCE** | § | |
| **HEALTHCARE SERVICES** *d/b/a* | § | |
| **AKUMIN***, and **AKUMIN OPERATING** | § | |
| **CORP**, | | |
| **Defendants.** | | |

## <u>ORDER</u>

On this day, the Court considered Plaintiff Jesus F. Escarzaga's "Motion to Remand, Response in Opposition to Defendant's Notice of Removal, and in the Alternative, Motion to Enter Sua Spone [sic] Order," ECF No. 8, filed on August 27, 2025. Whether this removal to federal court was proper lies in whether Defendant Akumin Imaging Texas, LLC ("Akumin Texas"), a Texas resident, was properly joined as a party to this suit such that there is no diversity jurisdiction. After due consideration of Plaintiff's Motion and Defendant's Response,[1] the Court finds Akumin Texas, was improperly joined as a party to this suit, and should be terminated as a defendant in the instant case. Once dismissed, there is complete diversity of citizenship amongst the parties. Accordingly, Plaintiff's Motion is denied.

On June 20, 2025, Plaintiff filed his "Original Petition and Jury Demand" ("Petition") against Defendants in the 205th District Court of El Paso County, Texas. ECF No. 1 at 1. In his Petition, Plaintiff alleges causes of action pertaining to employment discrimination on the basis of

---

[1] On September 17, 2025, Defendants filed a "Response to Plaintiff's Motion to Remand," ECF No. 14. Plaintiff did not file a reply.

his age and disability, and retaliation in violation of the Texas Labor Code, seeking damages over $1,000,000.00. *Id.* Plaintiff also asserts breach of employment contract claims, which was executed only by Plaintiff and Akumin Corp., based on his termination without cause or severance pay. ECF No. 1-3 at 37. On August 1, 2025, Defendants filed a "Notice of Removal," ECF No. 1, removing the action brought against them to federal court. In doing so, Defendants invoke diversity jurisdiction.[2] Plaintiff is a citizen of Texas, and Defendants Alliance Healthcare Services, Inc. d/b/a Akumin ("Alliance"), and Akumin Operating Corp. ("Akumin Corp.") are both citizens of Delaware.  Akumin Texas, however, is a Texas resident that Defendants argue Plaintiff improperly joined.

There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (citations omitted). For improper joinder based on a plaintiff's inability to establish a claim against the nondiverse party, the court asks "whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Swafford v. Bank of America Corp.*, 401 F.Supp.2d 761, 763 (S.D. Tex. 2005). A "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder. *Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286 n. 4. (5th Cir. 2000).

---

[2] For diversity jurisdiction to exist, the parties must be completely diverse from one another and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

Here, Defendants argue there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Akumin Texas under either the TCHRA or for breach of contract. ECF No. 14 at 4–16. First, Defendants argue Plaintiff failed to exhaust his administrative remedies as required under Texas Labor Code, Section 21.001, *et seq*, by failing to name Akumin Texas in its administrative charge. ECF No. 14 at 14 n. 6. Second, Defendants argue Plaintiff cannot recover for breach of contract because Akumin Texas is not a signatory to the employment contract Plaintiff sues under. *Id.* at 15. In response, Plaintiff does not rebut Defendant's administrative exhaustion arguments but does argue that Akumin Texas and Akumin Corp. are a joint enterprise/joint employer and therefore Akumin Texas could be held liable as his employer. ECF No. 8 at 12.

As to discrimination claims under the TCHRA, it is well-settled that a plaintiff must exhaust administrative remedies before filing suit. *Schroeder v. Tex. Iron Works, Inc.,* 813 S.W.3d 483, 485 (Tex. 1991). Exhaustion occurs when the plaintiff files a timely charge of discrimination with the proper agency and receives statutory notice of the right to sue. *Id.* at 486. The filing of a timely charge is "mandatory and jurisdictional" under the TCHRA. *Id.* A party not named in the administrative charge may not be sued in a civil action. *Way v. Mueller Brass Co.,* 840 F.2d 303, 307 (5th Cir. 1988). Naming an entity in an administrative charge permits the agency to identify and serve the correct respondent to, among other things, provide "an adequate opportunity to resolve the complaint." *Khan v. United Recovery Sys., Inc.*, No. CIV.H-03-2292, 2005 WL 469603 at *6 (S.D. Tex. Feb. 28, 2005) (citation omitted).

Here, it is undisputed that Plaintiff's administrative charge neither named Akumin Texas as a respondent nor mentioned Akumin Texas in any of its allegations of discrimination. Plaintiff's

May 12, 2024, charge was filed against "Alliance Healthcare Services, Inc. d/b/a Akumin" and the factual narrative mentions only Akumin Corp., the entity which employed Plaintiff as Regional Director of Operations. *See* ECF No. 14 at 19–20. Plaintiff presents no arguments to the contrary nor that any exceptions to satisfy exhaustion apply. *See generally* ECF No. 8. Plaintiff was aware Akumin Corp. and Akumin Texas were separate and distinct entities since each independently signed the Asset Purchase Agreement, a separate contract for the sale and purchase of Plaintiff's business. ECF No. 8 at 16–17. The Court agrees with Defendants that Akumin Texas should have been named in Plaintiff's charge irrespective of any other theories of liability Plaintiff may have eventually raised in a civil action. Accordingly, there is no reasonable basis to conclude Plaintiff can recover against Akumin Texas for discrimination because Plaintiff's failure to identify Akumin Texas in administrative charge resulted in his failure to exhaust his administrative remedies as required by the statute.

Similarly, there is no reasonable basis to conclude Plaintiff can recover under a breach of contract theory against Akumin Texas. It is undisputed that Akumin Texas was not a signatory to the employment contract Plaintiff sues under, and by the employment contract's plain language, Akumin Texas may not be held liable. Plaintiff's burden is then to allege a legal basis for this Court to look beyond the employment contract's plain language. Plaintiff attempts to do so by alleging 1) Akumin Texas and Akumin Corp. formed a joint enterprise and/or jointly employed him under *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983), thereby making Akumin Texas a party to the employment agreement; and 2) the employment agreement was "incorporated" by the Asset

Purchase Agreement, a separate contract for the sale and purchase of the business which Akumin

Texas signed. ECF No. 8 at 16–17.

Plaintiff asserts he has satisfied *Trevino's* factors to extend contract liability to Akumin

Texas, a non-signatory. However, Plaintiff's allegations are misleading. *Trevino* established the

test for single entity employer status for purposes of Title VII liability. *Turner v. Baylor Richardson

Med. Ctr.*, 476 F.3d 337 (5th Cir. 2007) ("We generally evaluate Title VII employer status under

the four-part *Trevino* test, which involves consideration of (1) interrelation of operations; (2)

centralized control of labor relations; (3) common management; and (4) common ownership or

financial control.). Plaintiff cites no legal authority supporting his allegations that *Trevino* is a

proper legal standard for this or any court to analyze breach of contract claims. In its research, this

Court could not find a single case where the Fifth Circuit has applied *Trevino* in breach of contract

claims. Defendants note the same is true for a joint venture/joint employer theory in Texas state

law. *See* ECF No. 14 at 15 n. 7 (citing *Anson Distrib., LLC v. Starco Impex, Inc.*, No. 14-20-00622-

CV, 2023 WL 5437707, at *3 (Tex. App.—Houston [14th Dist.] Aug. 24, 2023), *opinion vacated

and superseded on other grounds*, 693 S.W.3d 550 (Tex. App.—Houston [14th Dist.] 2023, pet.

denied).[3] While it is certainly possible Plaintiff could successfully advocate for an extension of the

law, "a 'mere theoretical possibility of recovery under local law' will not preclude a finding of

---

[3] (explaining "[t]he concepts of partnership, joint venture, and joint enterprise are related, but a joint enterprise is distinct from a partnership or joint venture; a joint enterprise has different elements. *See Blackburn v. Columbia Med. Ctr. of Arlington Subsidiary, L.P.*, 58 S.W.3d 263, 272–73 (Tex. App.—Fort Worth 2001, pet. denied). Although this court has assumed without deciding that joint enterprise liability could apply for non-tort claims, Anson cites no case upholding liability for non-tort claims under a theory of joint enterprise. *See Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 218 n.9 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We have found none.").

improper joinder." *Badon,* 236 F.3d at 286 n. 4. In sum, the Court finds Defendants have met their burden to show there is no reasonable basis to believe it is *plausible* Plaintiff could recover from Akumin Texas for breach of contract on this legal basis.

Further, Plaintiff's allegations that the Asset Purchase Agreement "incorporates" the employment agreement such that Akumin Texas, a non-signatory, may be held liable also fall short. "It is a universally accepted principle of contract law that an individual must be a party to a contract in order to be bound by it . . . In other words, under general rules of contract law, a contract cannot bind a nonparty, i.e. a non-signatory." *Leshin v. Oliva*, No. 04-14-00657-CV, 2015 WL 4554333, at *5 (Tex. App.—San Antonio July 29, 2015, no pet.). It is undisputed that Akumin Texas did not sign the employment contract under which Akumin Corp. employed Plaintiff and under which Plaintiff now seeks to recover damages. Plaintiff argues the "APA incorporates the employment contract," because Plaintiff's employment duties "were to be performed at Akumin Texas' facilities." ECF No. 1-3 at 37. However, the Court agrees with Defendant that Plaintiff cites to "no authority supporting his allegation that this Court should ignore the employment agreement's plain language." ECF No. 14 at 16.

Because Defendants have met their burden to demonstrate there is no valid legal basis for Akumin Texas to be held liable for breach of a contract to which it is not a signatory, there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Akumin Texas. For the reasons stated herein, the Court finds Defendant Akumin Imaging Texas, LLC d/b/a Akumin, a Texas resident, was improperly joined in this case. Remand is inappropriate because this Court has diversity jurisdiction over the present case.

Accordingly, **IT IS HEREBY ORDERED** Plaintiff's "Motion to Remand, Response in Opposition to Defendant's Notice of Removal, and in the Alternative, Motion to Enter Sua Spone [sic] Order," ECF No. 8, is **DENIED**.

**IT IS FURTHER ORDERED** the District Clerk **SHALL TERMINATE** Defendant Akumin Imaging Texas, LLC d/b/a Akumin from the above-captioned case.

**SIGNED** this **26th** day of **March 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**